OPINION OF THE COURT
Carl O. Callender, J.
NATURE OF PROCEEDING
In this holdover proceeding, only Charles Lewis and Walter *965 McCray have appeared on behalf of the respondents. The petitioner claims that they are only licensees.
The petitioner seeks possession of the premises because Viola Lewis, the tenant named in the lease, died in December 1988. Charles Lewis is the son of Viola Lewis who claims he has lived on the premises continuously since a baby in 1978 or 1979. Walter McCray claims to be the live-in lover of the deceased tenant who has resided at the premises with Viola Lewis since 1982 as a member of the family.
EFFECT OF CITY OWNERSHIP
Because the building has become recently city-owned, the respondents are not entitled to the succession rights that the rent stabilization laws afford. (See, Administrative Code of City of New York § Y51-3.0 [e] [2] [f], [i] [now § 26-403 (e) (2) (f), (i)]; § YY51-3.0 [now § 26-504].)
UNDER RENT STABILIZATION LAW
Under the Rent Stabilization Law (Administrative Code § 26-501 et seq.) and Rent Stabilization Code (9 NYCRR parts 2520-2530) as well as the court cases decided recently regarding the rights of relatives of deceased tenants, the respondents might have had a claim to such rights. (See, Yorkshire Towers Co. v Harpster, 134 Misc 2d 384 [1986] [where individuals of the same sex were held to be de facto immediate family members instead of roommates]; Braschi v Stahl Assocs. Co., 74 NY2d 201 [1989] [where the Court of Appeals enlarged the definition of family members].)
UNDER THE REAL PROPERTY LAW
Under Real Property Law § 235-f, one might also argue that regardless of whether the rent stabilization laws or regulations apply, the owner or lessee of any building, regardless of the status of the owner, may not restrict occupancy to a tenant or the tenant’s immediate family (such as the respondents herein). It is noteworthy, however, that subdivisions (3) and (4) of that section require proof that the premises are the immediate family member or spouse’s primary residence.
Further, it could also be argued that the deceased tenant, Viola Lewis, could have assigned the lease to the respondents by the administrator of her estate pursuant to section 236 of the Real Property Law. However, the Public Administrator *966 was named and served and failed to appear in the instant case. Accordingly, that defense cannot be asserted in the present proceeding.
FACTS ESTABLISHED AT TRIAL
At the trial, the live-in lover of the deceased tenant (Walter McCray) established proof that he lived with Viola Lewis at the subject premises by means of his submission of letters he received at said address from the Human Resources Administration in 1985 and 1986. The petitioner did not contest that Mr. McCray was living with the deceased tenant-of-record prior to her death as far back as 1985 and that his occupancy was continuous. There also seems to be no controversy over the fact that Mr. McCray’s occupancy has continued to the date of trial.
The son of the deceased, however, failed to establish that he continued to live in the premises as his primary residence beyond 1986. The only proof he submitted evidencing the address of the premises was a vehicle registration renewal reminder whose expiration date was April 8, 1988. I considered this evidence of no weight toward establishing that the subject premises was his primary residence. He failed to show any documentary evidence such as current income tax returns, car registration or license, or voting registration. On the other hand, the petitioner provided proof that the deceased tenant’s son’s employer had his residence listed at an address other than the subject premises in March of 1989.
However, the petitioner in attempting to establish its prima facie case failed to prove that it had conformed to the requirements of its lease with the City of New York. That lease was the only basis upon which the petitioner could bring the instant proceeding against the respondents. The agent for the petitioner contended that although the lease agreement with the City of New York required the lessee to give written notice to Department of Housing Preservation and Development (HPD) upon commencing the instant proceeding, it failed to do so. Paragraph i.e. of the lease states that the "Lessee shall give written notice to HPD when commencing a summary proceeding * * * (iii) to evict a tenant or other person on any ground other than non-payment of rent”. Paragraph 14 of the same lease agreement requires that notices "shall be in writing and mailed by registered or certified mail, return receipt requested, or delivered in per *967 son.” Paragraph 15 provides that "HPD shall respond within twenty (20) business days of any written request for approval. HPD’s failure to respond to such request shall be deemed an approval of the request.” Paragraph 16 states further that: "no waiver by HPD or lessee of any provision of this lease shall be deemed to have been made unless set forth in writing and signed by HPD.”
determination: noncompliance with terms of lease: basis for dismissal
In the instant case, because the building is city-owned, the apartments that would otherwise be subject to the rent stabilization laws and rules afford no rent stabilization rights to its tenants.
Yet, if the city were made aware that in the instant case the son and live-in lover of the deceased tenant were being evicted, they may have informed the lessee not to move forward with the proceeding. Admittedly they were not apprised as the lease agreement requires.
The petition even states that the names of the respondents are fictitious and unknown to the petitioner. It is hard to believe such an allegation is accurate in view of the respondent’s long tenure at the apartment.
I consider the violation of the terms of the lease provisions to constitute a substantial right that could amount to a benefit that would accrue to the respondents as third-party beneficiaries. The failure to be able to take advantage of that right could very well result in the respondents being deprived of property (the right to remain in the subject premises) without the due process of law afforded them by the very terms of the lease agreement between the petitioners and the City of New York. (See, Mount Sinai Hosp. v Loutsch, 119 Misc 2d 427 [1983].) Thus, I find that the respondents have been prejudiced by the petitioner’s failure to comply with the terms of the lease in question.
Accordingly, the petition is dismissed because the lessee has breached an important term of the lease which is the petitioner’s predicate to bringing the instant proceeding. This case is dismissed without prejudice to the petitioner bringing another proceeding in which it complies with paragraph i.e. of the lease.